# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN ALAN PETERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERMAN, et al.,<br><br>    Defendants. | Case No. 1:13-cv-02031-JLT (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE**<br><br>**(Doc. 1)**<br><br>**RESPONSE DUE WITHIN 30 DAYS** |

**I.    Background**

Plaintiff, Dwain Alan Peters, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 12, 2013. (Doc. 1.) The Complaint is now before the Court for screening. For the reasons discussed herein, Plaintiff has stated a cognizable claim against one named defendant, but may be able to correct his deficiencies to make his claims against the other defendants cognizable.  Plaintiff may either file a first amended complaint, or elect to proceed on the cognizable claim as stated in the Complaint.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     Summary of the Complaint

Plaintiff complains of acts that occurred at California Substance Abuse Treatment Facility, where he is currently housed. Plaintiff names Warden Stu Sherman, Registered Nurse Jose Munoz, and Dialysis Technician Colleen Kelleher along with Does 1-100 as defendants in this action. Plaintiff seeks declaratory relief and monetary damages.

Plaintiff alleges that on December 12, 2011, he was seated in the treatment chair to begin dialysis treatment. Plaintiff alleges that Kelleher approached to begin place the line to begin his dialysis treatment that day. Plaintiff claims she miscalculated Plaintiff's weight and thus intended to give him the wrong dose (since the dosage is dependent upon the patient's weight). Plaintiff objected and requested that she check her calculations. However, Kelleher insisted she was correct and continued procedures to initiate his treatment at the wrong dose. When Plaintiff explained the error in the calculation, Kelleher was unable to calculate the math problem, but insisted she was correct. Plaintiff then stated he did felt neither safe nor comfortable with him placing the intravenous line or giving him his treatment. Kelleher left and returned with Nurse Munoz (apparently without telling him about the disagreement over the correct dose) who said he would watch as Kelleher placed the intravenous line. Plaintiff told Nurse Munoz that he felt unsafe and uncomfortable with Kelleher doing his treatment. Nurse Munoz's demeanor towards Plaintiff immediately became negative and he responded that if Plaintiff wouldn't let Kelleher place the line, he would terminate Plaintiff's treatment—which he did—while noting Plaintiff refused treatment. As a result, Plaintiff missed four days of dialysis treatment.

Plaintiff does not identify/delineate which of his specific constitutional rights he feels were violated, so the standards that appear most applicable to his factual allegations and some

nomenclature utilized in the Complaint are given.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.  While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not

3

sufficient and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to link Warden Sherman or any of the Doe Defendants to any of his factual allegations. Thus, Warden Sherman and Does 1-100 are properly dismissed from this action Plaintiff 's allegations must clearly identify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D.     Claims for Relief

**1. Eighth Amendment – Serious Medical Needs**

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Plaintiff's allegation of a condition requiring daily dialysis treatment presents a serious medical condition.

The second prong requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted).

Plaintiff's allegations against Kelleher do not state a cognizable deliberate indifference claim against her as "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).

However, Plaintiff's allegations that Nurse Jose Munoz intentionally stopped his dialysis and intentionally, errantly stated that Plaintiff refused treatment as a basis to cancel Plaintiff's treatment for four days, and this caused "toxic build up in his bloodstream" which made him sick,

5

states a cognizable claim against Nurse Muoz for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

### 2. First Amendment -- Retaliation

A retaliation claim has five elements. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

Plaintiff alleges that Nurse Munoz's reaction and stopping of his dialysis treatment was retaliatory. However, Plaintiff does not state any protected conduct as the basis of Nurse Munoz's retaliation. Anger in response to Plaintiff's questioning and discomfort with Tech Kelleher providing his treatment, while undesirable and unfortunate, does not amount to a constitutional violation. Thus, Plaintiff fails to state a cognizable retaliation claim against Nurse Munoz or any other defendant in this action.

### 3. Supervisory Liability

It appears that Plaintiff listed Warden Sherman as a defendant in this action purely because of his supervisory position. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the

6

1 claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858,
2 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
3 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory
4 liability, Plaintiff must allege some facts that would support a claim that supervisory defendants
5 either: personally participated in the alleged deprivation of constitutional rights; knew of the
6 violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient
7 that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
8 constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
9 omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may
10 not be imposed on supervisory personnel for the actions of their employees under a theory of
11 *respondeat superior*.  *Iqbal*, 556 U.S. at 677.  "In a § 1983 suit or a *Bivens* action - where masters
12 do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  *Id.*
13 Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability;
14 each government official is only liable for his or her own misconduct.  *Id.*

15 Thus, unless Plaintiff can specifically allege personal participation in an alleged
16 deprivation of his constitutional rights or promulgation/implementation of a policy that caused a
17 deprivation of his constitutional rights, he will not be able to state a cognizable claim.  Plaintiff
18 fails to state a cognizable claim against Warden Sherman.

19 **E.      Declaratory Damages**

20 "A declaratory judgment, like other forms of equitable relief, should be granted only as a
21 matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of
22 Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will
23 neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate
24 the proceedings and afford relief from the uncertainty and controversy faced by the parties."
25 United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action
26 reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that
27 plaintiff's constitutional rights were violated.  Accordingly, a declaration that Defendants violated
28 Plaintiff's rights is unnecessary.

## II. **CONCLUSION**

Plaintiff's complaint states a claim under the Eighth Amendment against Registered Nurse Jose Munoz for deliberate indifference to his serous medical needs.  However, Plaintiff does not state any cognizable claims against Warden Stu Sherman, Dialysis Technician Colleen Kelleher, or Does 1-100.  Plaintiff is granted leave to file a first amended complaint to cure the deficiencies identified by the Court in this order, *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987), or Plaintiff may proceed solely on the cognizable claim in the Complaint against Registered Nurse Jose Munoz for deliberate indifference to his serious medical needs in violation of Plaintiff's rights under the Eighth Amendment.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

If Plaintiff opts to amend, his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal right so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that any amended complaint supercedes the original, *Lacey v.*

*Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only against Registered Nurse Jose Munoz for deliberate indifference to his serious medical needs in violation of Plaintiff's rights under the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 7, 2014**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE