# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN ALAN PETERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MUNOZ, et al.,<br><br>　　　　　Defendants. | **Case No. 1:13-cv-02031-JLT (PC)**<br><br>**ORDER REQUIRING RESPONSE TO PLAINTIFF'S MOTIONS REGARDING DISMISSAL OF JOSE MUNOZ LVN AND SERVICE ON JOSE MUNOZ RN**<br><br>**(Docs. 22, 23)**<br><br>**15-DAY DEADLINE** |

Plaintiff, Dwain Alan Peters, is a state prisoner proceeding pro se and informa pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 12, 2013. (Doc. 1.) The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim for relief under section 1983 against defendant "Jose Munoz, Registered Nurse" for deliberate indifference in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-15 (2002); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Jackson v. Carey*, 353 F.3d 750, 754 (9th Cir. 2003); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

Thus, an order issued requiring Plaintiff to either file an amended complaint, or notify the Court of his willingness to proceed on the only cognizable claim. (Doc. 8.) On February 26, 2014, Plaintiff filed a notice that he is willing to proceed only on the claim found to be cognizable against "Jose Munoz, Registered Nurse." (Doc. 10.) Thus, an order finding service on "Jose

1  Munoz, Registered Nurse" to be appropriate issued on March 5, 2014.  (Doc. 12.)  On March 31,
2  2014, an order issued directing the United States Marshal to serve "Jose Munoz."  (Doc. 14.)
3  　　　Unfortunately, apparently "Jose Munoz, Licensed Vocational Nurse ("LVN")" was
4  errantly served instead of "Jose Munoz, Registered Nurse ("RN")."  (Docs. 16, 17.)  Thus, on
5  August 1, 2014, Plaintiff filed two motions notifying the Court that the wrong "Jose Munoz" had
6  been served and requesting that "Jose Munoz, LVN" be dismissed from this action and that "Jose
7  Munoz, RN " be served.  (Docs. 22, 23.)
8  　　　Rule 41(a)(1)(A) allows a Plaintiff to "dismiss an action without a court order by filing:
9  (i) a notice of dismissal before the opposing party serves either an answer or a motion for
10 summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."
11 Subsection (B) of Rule 41 provides that, "[u]nless the notice or stipulation states otherwise, the
12 dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court
13 action based on or including the same claim, a notice of dismissal operates as an adjudication on
14 the merits."  Subsection (2) of Rule 41provides in pertinent part that, "[e]xcept as provided in
15 Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms
16 that the court considers proper. . . ."  Thus, at this stage in the litigation, Plaintiff may not simply
17 dismiss "Jose Munoz, LVN" from the action of his own accord.
18 　　　Accordingly, IT IS HEREBY ORDERED that defense counsel is directed:
19 　　　　　(1) to advise the Court within 15 days from the date of service of this order
20 　　　　　　　whether Defendant "Jose Munoz, LVN" stipulates to Plaintiff's motion to
21 　　　　　　　dismiss this defendant (Doc. 22) from this action under Federal Rule of Civil
22 　　　　　　　Procedure 41with each party bearing his own costs, and;
23 　　　　　(2) to advise the Court whether counsel will accept service on behalf of  "Jose
24 　　　　　　　Munoz, RN" in this action.
25
26 IT IS SO ORDERED.
27 　　　Dated:   **August 5, 2014**　　　　　　　　　**/s/ Jennifer L. Thurston**
28 　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE