# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN ALAN PETERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHERMAN, et al.,<br><br>　　　　Defendants. | 1:13-cv-02031-LJO-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Docs. 31, 34)<br><br>21-DAY DEADLINE |

　　　　On May 29, 2015, Defendants filed a motion seeking sanctions and to compel Plaintiff to respond to their first sets of special interrogatories and requests for production of documents. (Doc. 31.) Plaintiff filed a motion requesting a six-month extension of time, which the Court denied without prejudice because of Plaintiff's lack of specificity as to what act he was seeking the extension for. (Docs. 32, 33.) After lapse of approximately a month, Plaintiff had not filed an opposition or statement of non-opposition to the motion to compel. Thus, on August 3, 2015, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the motion to compel within twenty-one days. (Doc. 34.) More than 21 days have passed and Plaintiff has failed to file an opposition or declaration of non-opposition to the motion to compel, or otherwise respond to the Court's Order.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, within 21 days, Plaintiff is **ORDERED** to show cause in writing why the action should not be dismissed for his failure comply with the Court's order and for his failure to prosecute this action.

IT IS SO ORDERED.

Dated:   **September 4, 2015**              /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE