# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN ALAN PETERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHERMAN, et al.,<br><br>　　　　Defendants. | 1:13-cv-02031-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE THIS ACTION**<br><br>(Docs. 31, 34, 35)<br><br>**30-DAY DEADLINE** |

On September 4, 2015, the Court ordered Plaintiff to show cause why this action should not be dismissed because of his failure to comply with the Court's order. Notably, the Court warned Plaintiff that his failure to respond would result in dismissal of this action. (*Id.*) The deadline has passed and Plaintiff has failed to respond.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

---

[1] The Court notes that the U.S. Postal Service has returned mail sent to Plaintiff as undeliverable. (*See* entries for September 2, 2015 and September 25, 2015.) The Court notified Plaintiff in the First Informational Order that he must keep the Court informed of his current address and that his failure to do so within 63 days of receipt of returned mail by the Court would result in dismissal of the action for failure to prosecute. Local Rule 183(b). (*See* Doc. 4.) This same order notified Plaintiff that service of documents at the address of record would be deemed sufficiently served when he has failed to provide the Court with an updated address.

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to the OSC, there is no alternative but to dismiss the action for his failure to respond to/obey a court order and for failure to prosecute. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute this action. 42 U.S.C. § 1997e (a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 22, 2015**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE